# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| OLIVER COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-CV-281 JVB |
| | ) | |
| UNIVERSITY OF NOTRE DAME DU LAC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Oliver Collins's objections to Magistrate Judge Christopher Nuechterlein's order denying his motion for leave to file an amended complaint and his motion to compel discovery (DE 91).

### A.    Background

Oliver Collins sued Defendant University of Notre Dame for breach of contract for terminating his employment as a tenured professor. The parties filed cross-motions for summary judgment. The Court decided two issues in its opinion and order on the summary judgment motions: It ruled in favor of Notre Dame on Collins's contention that Notre Dame did not give him proper notice of the charges against him but ruled for Collins that Notre Dame breached the employment contract because the Hearing Committee convened to decide whether there was serious cause for his dismissal was improperly constituted. Accordingly, the Court determined that Collins was wrongfully terminated and the case should proceed to trial on the issue of damages. (*See* the Court's order of March 25, 2013, DE 67.) The Court did not deem it

appropriate to review the merits of Notre Dame's decision to dismiss Collins because the composition of the Hearing Committee whose findings were the cornerstone of the decision violated Notre Dame's Academic Articles, thereby tainting the decision.[1] Discovery was reopened on the issue of damages.

On July 12, 2013, Collins moved the Court for leave to amend his complaint to request damages pursuant to Indiana Code § 22-2-5-2, which provides for liquidated damages to an employee whose employer has failed to pay wages as required by Indiana Code § 22-2-5-1. By an order dated September 5, 2013, Judge Nuechterlein denied the request as futile, holding that the statute does not apply to him.

In the same order, Judge Nuechterlein denied Collins's motion to compel discovery. Collins's interrogatories, request for production, and request for admissions are aimed at finding evidence that Notre Dame approved and endorsed the acts to which Plaintiff pleaded guilty in a criminal prosecution and that the same conduct is common to most faculty receiving grants at Notre Dame. He argues that he needs the evidence to refute Notre Dame's claims that it proved serious cause for his termination so that he suffered no damages as a result of the error in the composition of the Hearing Committee and that his conviction cuts off his damages. He also claims he needs the evidence to prove that the second termination process, which has not yet concluded, will be invalid. Judge Nuechterlein found that the discovery Collins seeks is not relevant to the issue of damages flowing from Notre Dame's failure to conduct the hearing that is

---

[1] Throughout its brief on Plaintiff's objections, Notre Dame represents that the Court's summary judgment order decided that Notre Dame had serious cause to terminate him. This is simply not true. In fact, at a recorded status conference held on May 30, 2012, in response to Notre Dame attorney Lawrence DiNardo's observation that the opinion of May 21, 2012, did not explicitly state whether there was cause to dismiss Collins, the Court stated that the issue was not decided on summary judgment and that it was not the Court's intention to rule on that issue.

a required step in the termination process before a properly constituted panel.

**B.     Standard of Review**

Under Federal Rule of Civil Procedure 72(a), when a party files timely objections to a magistrate judge's order on nondispositive matters, the district judge in the case must consider the objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

**C.     Amending the Complaint Would Be Futile**

Indiana Code § 22-2-5-1 requires employers to pay their employees at least semimonthly or biweekly.  Section 22-2-5-2 provides for liquidated damages of up to double the amount of wages due if an employer does not pay wages as required by § 22-2-5-1.  Collins's argument that these statutes apply to him is premised on his contention that the Court's order on summary judgment voided his termination and reinstated him as a Notre Dame employee.  It did not.

The Court's summary judgment order stated only that Notre Dame breached its contract with Collins because the composition of the Hearing Committee was contrary to the Academic Articles.  The Court's order of March 25, 2013, stated that Collins was wrongfully terminated.  The Court has never ordered that Collins be reinstated.  Indiana case law holds that the statute applies only to wages that have already been earned and are due and owing at the time of discharge.  *New Frontiers Inc. v. Goss*, 580 N.E.2d 310, 312 (Ind. Ct. App. 1991).  Accordingly, the Court agrees with Magistrate Judge Nuechterlein that Collins's motion to amend his complaint to request damages under Indiana Code § 22-2-5-1 et seq. would be futile.

**D.     Judge Nuechterlein Properly Denied Plaintiff's Motion to Compel**

Rule 26(b) defines the scope of permitted discovery and allows discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. The Court agrees with Judge Nuechterlein that the discovery Collins seeks is not relevant to his damages for the contract breach the Court found in its ruling on his motion for summary judgment. Whether serious cause for his dismissal existed at some point in the past has no bearing on Collins's damages. What might be decided following a new dismissal process is not currently before the Court. Accordingly, discovery aimed at disproving the existence of serious cause for Collins's dismissal is not relevant to the claim or defense of any party.

**E.     Conclusion**

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Nuechterlein's order of September 5, 2013 (DE 91) are OVERRULED.

SO ORDERED on November 4, 2013.

                                                        s/ Joseph S. Van Bokkelen
                                                       Joseph S. Van Bokkelen
                                                       United States District Judge
                                                       Hammond Division