# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| OLIVER COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-CV-281 JVB |
| | ) | |
| UNIVERSITY OF NOTRE DAME DU LAC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Oliver Collins's motion for leave to file an amended complaint (DE 103).

### A.     Background

Oliver Collins was a tenured professor at Defendant University of Notre Dame until he was terminated as of June 2, 2010. Collins sued Notre Dame for breach of contract. On cross-motions for summary judgment the Court ruled that, in dismissing Collins, Notre Dame had breached Collins's contract because the membership of the Hearing Committee that was convened to decide whether there was serious cause for his dismissal did not comport with Notre Dame's Academic Articles (DE 59). The case was stayed pending resolution of federal criminal charges against Collins. Those charges were resolved when Collins pleaded guilty to a felony charge involving misuse of federal grant money. The Court then set the case for trial on the issue of damages and reopened discovery on damages alone. In December 2013, Notre Dame conducted a do-over of its termination hearing, this time dismissing Collins because he had been convicted of a felony. The University made the termination effective as of June 2, 2010.

Collins now asks leave to amend his complaint to add to his breach of contract claim allegations of procedural defects in the second termination process and to add claims for promissory estoppel, constructive fraud, and violation of the Indiana Wage Claims and Wage Payment Statutes. Notre Dame opposes the amendments on the grounds that they are futile.

**B.    Legal Standard**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading shall be freely given when justice so requires. However, if the amendments would be futile, denial of a motion to amend is warranted. Proposed amendments are futile if they would not survive a motion to dismiss. *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

**C.    Discussion**

**(1)    *New Contract Claim***

After Notre Dame terminated Collins's contract effective on June 2, 2010, it amended its Academic Articles to change the procedure for terminating a tenured professor and initiated a new termination process against Collins using the new procedure. Collins's proposed amendments relating to breach of contract center around the fact that Notre Dame applied these post-dismissal amendments to him and failed to pay him between the first and second termination proceedings.

Amending Collins's complaint to assert the invalidity of the second termination proceedings is unnecessary. On June 2, 2010, Notre Dame terminated Collins's contract, effective immediately. The Court determined that the termination was in breach of his contract

2

because of a flaw in the procedure required by Notre Dame's Academic Articles, which were incorporated into the contract by reference. After the Court's ruling, Notre Dame did not reinstate Collins, but nonetheless conducted proceedings to terminate his contract a second time, once again making the termination effective as of June 2, 2010. His contract could be terminated only once. Collins does not need to amend his complaint to present evidence and argument as to whether the second termination proceedings cut off the damages flowing from the breach of his employment contract. Accordingly his motion to amend his complaint with respect to the contract claim is denied.

**(2)** *Promissory Estoppel*

The elements of promissory estoppel are: (1) a promise by the promisor; (2) made with the expectation that the promisee will rely on it; (3) which induces reasonable reliance by the promisee; of a definite and substantial nature; (5) where injustice can be avoided only by enforcing the promise. *Hinkel v. Sataria Distrib. & Packaging, Inc.*, 920 N.E.2d 766, 771 (Ind. Ct. App. 2010). However, in the employment context, a promissory estoppel claim "may be asserted only in the absence of a valid and enforceable employment contract." *Sweet v. Indianapolis Jet Ctr., Inc.*, 918 F.Supp.2d 801, 808 (S.D. Ind. 2013). Here it is undisputed that Collins had a valid and enforceable employment contract with Notre Dame. Accordingly, his promissory estoppel claim is futile and his motion to amend with respect to that claim is denied.

**(3)** *Constructive Fraud*

The elements of a claim for constructive fraud are (1) a duty owing by the defendant to

3

the plaintiff as a result of their relationship; (2) violation of that duty by making deceptive material misrepresentations of past or existing facts; (3) reliance on the misrepresentations by the plaintiff; (4) injury to the plaintiff caused by the misrepresentations; and (5) the gaining of an advantage by the defendant at the expense of the plaintiff. *Rice v. Strunk*, 670 N.E.2d 1280, 1284 (Ind. 1996). Notre Dame maintains that Collins does not state a claim for constructive fraud because there is no fiduciary relationship between them, his reliance was not the proximate cause of his criminal conviction, and because it gained no unconscionable advantage at his expense.

With regard to the existence of a fiduciary relationship, Collins alleges in his proposed amended complaint that the Notre Dame Office of Research advertises to the faculty that it is expert in the rules that govern purchases under grants and that it encourages faculty members to come to it with questions and to follow its recommendations about grant purchases. This is sufficient to satisfy the first element of constructive fraud. With regard to the second element, Collins alleges that Notre Dame's Office of Research advised him that purchases not in the NSF grant budget required only University approval, not NSF approval and that equipment bought under NSF grants could be used for other projects without restriction, as long as the use did not interfere with the grant use. Collins alleges that he relied on these representations in making the grant purchase. The Court cannot say, as a matter of law, that Collins's reliance on Notre Dame's alleged representations was not the cause of his criminal conviction. Finally, the proposed amended complaint alleges facts that support the existence of the fifth element of constructive fraud: that Notre Dame gained an advantage at Collins's expense. Collins claims in the proposed amended complaint that the unfair advantage Notre Dame gained through its

4

misrepresentations was the use of his conduct in reliance on those misrepresentations as grounds for his termination. He has adequately stated a claim for constructive fraud so that allowing the amendment to add this claim would not be futile.

**(4)** *Claims under the Indiana Wage Claim and Wage Payment Statutes*

Collins concedes that this Court denied his attempt to amend his complaint pursuant to the Indiana Wage Payment and Wage claim statutes in its order of November 4, 2013, but has reasserted them to preserve the issue for appeal and in the hope that the Court might reconsider its previous ruling. The Court declines to change its previous ruling. Accordingly, the Court denies Collins's motion insofar as it seeks to add claims under these statutes.

**D.** **Conclusion**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion to file an amended complaint (DE 103). The motion is granted with respect to Plaintiff's constructive fraud claim. It is denied with respect to his additional breach of contract and promissory estoppel claims and his claim under the Indiana Wage Claim and Wage Payment Statutes. Plaintiff shall file an amended complaint consistent with this opinion by February 9, 2015.

SO ORDERED on February 2, 2015.

                                                s/ Joseph S. Van Bokkelen
                                                Joseph S. Van Bokkelen
                                                United States District Judge
                                                Hammond Division